# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HAWORTH,<br><br>                Plaintiff,<br><br>v.<br><br>ARTURO HADDOCK, et al.,<br><br>                Defendants. | ) 1:06cv1713 OWW DLB<br>)<br>)<br>) FINDINGS AND RECOMMENDATION<br>) REGARDING PLAINTIFF'S MOTION FOR<br>) DEFAULT JUDGMENT<br>)<br>) (Document 9)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff Jeff Haworth, ("Plaintiff") filed the instant motion for default judgment on July 17, 2007. The motion was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed this action on November 27, 2006, seeking injunctive relief and damages pursuant to the Americans with Disabilities Act and California Civil Code Section 54, 54.1 and 55 (California Unruh Act). Plaintiff, a disabled wheelchair user, alleges that Defendant Arturo Haddock is the owner of the Bastille restaurant located at 113 Court Street, Hanford, California ("the Restaurant") and that the Restaurant's restrooms are not accessible to people in wheelchairs. Plaintiff seeks an injunction, an award of statutory damages, and attorneys' fees.

According to the complaint, on November 21, 2006, Plaintiff patronized the Restaurant and was unable to use the restroom due to its inaccessibility.  The Complaint alleges that Plaintiff frequently travels within a short distance of the Restaurant; that the barriers complained of are easy to remove; and that he would continue to patronize the Restaurant if the barriers were removed.

Plaintiff seeks an injunction "to require Defendant to correct the restroom, to comply with CBC and the ADAAG where required, to remove barriers to access which are readily achievable, to make all reasonable accommodation in policy in order to enable Plaintiff and others similarly situated to use the Restaurant and at minimum, to use readily achievable alternative methods to enable Plaintiff to use the goods and services which the Restaurant makes available to the non-disabled public."

Plaintiff also seeks the statutory damages in the amount of $4,000.00 pursuant to Civil Code Section 52(a) and an award of attorneys fees pursuant to 42 U.S.C. 12205 as well as California Civil Code Section 52(a), 54.3 and 1021.5.  Plaintiff will make an application for attorneys after all other issues have been resolved.

Plaintiff filed a proof of service indicating that Defendant was served by substitute service on December 13, 2006.  The Clerk of the Court entered default on February 8, 2007.

Plaintiff filed the instant motion for default judgment on July 17, 2007.  Defendant was served with the motion at 113 Court Street, Hanford, California but has not responded or otherwise communicated with the Court.

## DISCUSSION

Plaintiff moves for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), which provides that judgment may be entered:

> By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account

1  or to determine the amount of damages or to establish the truth of any averment
2  by evidence or to make an investigation of any other matter, the court may
   conduct such hearings or order such references as it deems necessary and proper
3  and shall accord a right of trial by jury to the parties when and as required by any
   statute of the United States.

4  "Upon default, the well pleaded allegations of the complaint relating to liability are taken

5  as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th

6  Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  Thus, "[a]t

7  the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed

8  admitted."  10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

9  Factors which may be considered by courts in exercising discretion as to the entry of a

10 default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of

11 plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in

12 the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

13 due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

14 Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th

15 Cir. 1986).

16 Defendant was served on December 16, 2006.  The Clerk entered default on February 8,

17 2007.  Defendant is not and infant or incompetent person, and is not in the military service or

18 otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

19 Having read and considered the declarations, pleadings and exhibits to the present

20 motion, the Court finds that Plaintiff is entitled to the relief requested.  28 C.F.R. Part 36 was

21 created to implement th Americans with Disabilties Act.  Pursuant to Section 36.304, barriers are

22 to be removed where such removal is readily achievable, i.e., "easily accomplishable and able to

23 be carried out without much difficulty or expense."  28 C.F.R. § 36.304.  Here, the men's

24 restroom in the Restaurant includes a barrier because there is insufficient space beside either

25 toilet for a person in a wheelchair to wheel beside the toilet and then transfer himself from his

26 wheelchair to the toilet.  Removal of the barrier is readily achievable under the American's with

27 Disabilities Act in that doing so would not be unduly expensive or difficult.  Given the foregoing,

28 Plaintiff is entitled to the injunctive relief requested.

1    Plaintiff's request for statutory damages in the amount of $4,000.00 is also warranted.

2    California Civil Code Section 52(a) states in part:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 . . . is liable for each and every offense for th actual damages . . . but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto . . .

In Botosan v. McNally Realty, 216 F.3d 827 (9th Cir. 2000), the Ninth Circuit held that proof of actual damages was not a prerequisite to the recovery of the statutory minimum damages under Civil Code Section 52(a) and that plaintiff need only show denial of equal access.  See also Wilson v. Haria and Gogri Corp., 479 F.Supp.2d 1127, 1141 (E.D. CA 2007)[plaintiff may obtain damages under the Unruh Act for violations of the ADA even without a showing of intentional discrimination].

Additionally, pursuant to 42 U.S.C. 12205, as well as Civil Code Sections 52(a), 54.3 and 1021.5, plaintiff is entitled to reasonable attorneys' fees, including litigation expenses and costs. Plaintiff may bring the appropriate post-judgment motion for recovery of such amounts.

**RECOMMENDATION**

For the reasons discussed above, the Court RECOMMENDS that:

1. Plaintiff's motion for default judgment in favor of Plaintiff and against Defendant Arturo Haddock be GRANTED as specified below;

2. Within 90 days of service of a copy of this Judgment upon Arturo Haddock, he shall modify the men's restroom at the Bastille Restaurant so that it has a toilet stall which complies with applicable ADAAG standards;

3. Plaintiff be AWARDED statutory damages in the amount of $4,000.00; and

3. Plaintiffs be AWARDED reasonable attorneys' fees and costs in an amount to be determined upon the motion of Plaintiff.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern

1  District of California.  Within thirty (30) days after being served with a copy, any party may file
2  written objections with the court and serve a copy on all parties.  Such a document should be
3  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will
4  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
5  advised that failure to file objections within the specified time may waive the right to appeal the
6  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

     Dated:   **November 1, 2007**           **/s/ Dennis L. Beck**
                                                                              UNITED STATES MAGISTRATE JUDGE