IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF HAWORTH,<br><br>             Plaintiff,<br><br>     vs.<br><br>ARTURO HADDOCK,<br><br>             Defendant. | No. CV-F-06-1713 OWW/DLB<br><br>MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. 20) |

An Order granting Plaintiff's motion for default judgment in this Americans with Disabilities Action based on the findings and recommendation of Magistrate Judge Beck was issued on February 5, 2008 (Doc. 18). The order granting the default judgment provided "Plaintiff shall recover attorney's fees in an amount to be determined upon motion of the Plaintiff" and that "Plaintiff shall recover costs of suit."

Plaintiff moves for an award of attorneys' fees in the amount of $5,650 and costs in the amount of $1,687.75.

1

The prevailing party in an ADA action may recover "reasonable attorney's fees, including litigation expenses and costs."  42 U.S.C. § 12205.  Courts in this circuit have adopted the "lodestar" method for calculating attorneys' fees.  *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir.1998).  To determine the appropriate fee amount under the lodestar method, the court multiplies the number of hours reasonably expended in the litigation by a reasonable hourly rate.  *Id.*  Although there is a strong presumption that the lodestar represents a reasonable fee, *Burlington v. Dague*, 505 U.S. 557, 562 (1992), the district court has the discretion to exclude from the initial fee calculation hours that were not reasonably expended, for example, cases that are overstaffed.  Furthermore, the Supreme Court in *Hensley* held:

> Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. 'In the private sector, "billing judgment" is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's <u>client</u> also are not properly billed to one's <u>adversary</u> pursuant to statutory authority.' ....

*Id.* at 434.  The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  *Hensley, supra,* 461 U.S. at 433, 437.

Attached to Plaintiff's counsel's Declaration in support of this motion is a copy of his time and expense records in this

action.

With regard to the hourly rate, Plaintiff's counsel refers to two recent ADA cases involving Plaintiff's counsel in the United States District Court for the Eastern District of California, Sacramento Division where it was held that $250/hr. was a reasonable hourly rate. This is the hourly rate being sought in this action. The hourly rate of $250/hr. is a reasonable hourly rate for the Eastern District of California.

Upon review of the time records attached to the Declaration, it is determined that an award of attorney's fees in the amount of $5,000.00 is reasonable.

With regard to costs, Plaintiff seeks costs of $350.00 for the filing fee and $80.00 for service of process. These costs are recoverable. *See* 28 U.S.C. § 1920(1); *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 178 (9th Cir.1990), *cert. denied*, 502 U.S. 812 (1991). Because this is an ADA case, Plaintiff's expert witness fee of $1,257.75 is also a recoverable cost. *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir.2002), *cert. denied*, 537 U.S. 1105 (2003).

## CONCLUSION

1. Plaintiff's motion for attorney's fees and costs is **GRANTED**;

2. Plaintiff is awarded attorney's fees in the amount of $5,000.00 and costs in the amount of $1,687.75.

3. Plaintiff's counsel shall prepare and lodge within five days of service of this Memorandum Decision and Order a form of

**judgment setting forth the relief obtained through the default judgment and the award of attorney's fees and costs.**

IT IS SO ORDERED.

**Dated:   March 14, 2008**              /s/ Oliver W. Wanger
                                  UNITED STATES DISTRICT JUDGE