# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFF HAYWORTH, | ) | 1:06cv1713 OWW DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT |
| v. | ) | |
| ARTURO HADDOCK, | ) | (Document 40) |
| Defendant. | ) | |

Defendant Arturo Haddock ("Defendant") filed the instant motion to set aside default and default judgment on November 6, 2008. The matter was decided on the record and without oral argument.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Jeff Haddock ("Plaintiff") filed this action on November 27, 2006. Plaintiff sought injunctive relief and damages pursuant to the Americans with Disabilities Act and California Civil Code Section 54, 54.1 and 55 ("California Unruh Act"). Plaintiff, a disabled wheelchair user, alleged that Defendant Arturo Haddock was the owner of the Bastille restaurant located at 113 Court Street, Hanford, California ("the Restaurant") and that the Restaurant's restrooms were not accessible to people in wheelchairs.

According to the complaint, on November 21, 2006, Plaintiff patronized the Restaurant and was unable to use the restroom due to its inaccessibility. The Complaint alleged that Plaintiff frequently traveled within a short distance of the Restaurant; that the barriers complained of would be easy to remove; and that he would continue to patronize the Restaurant if the barriers were removed.

Plaintiff filed a proof of service indicating that Defendant was served by substitute service on December 13, 2006. The process server left the documents with Daniel Howard, the "Person in charge," at 113 Court Street, Hanford, California.

The Clerk of the Court entered default on February 8, 2007, and on July 19, 2007.

Plaintiff filed a motion for default judgment on July 17, 2007. Defendant was served with the motion by mail at the Restaurant, but did not respond or otherwise communicate with the Court.

On November 2, 2007, the Court issued findings and recommendations that the motion for default judgment be granted. Defendant was served with the findings and recommendations by mail at the Restaurant.

On February 5, 2008, the Court adopted the findings and recommendations. Defendant was served with the order adopting by mail at the Restaurant.

On March 26, 2008, the Court entered default judgment in favor of Plaintiff in the amount of $4,000.00 in damages and $6,687.75 in attorneys' fees and costs. On May 5, 2008, Plaintiff's counsel assigned the judgment to Judgment Enforcement USA (Walter Steinmann d/b/a Judgment Enforcement USA). Defendant was served with the assignment of judgment by mail at the Restaurant. (Doc. 29).

On August 25, 2008, the judgment creditor Walter Steinmann d/b/a Judgment Enforcement USA filed a motion for appointment of a receiver to apply the judgment debtor's interest in an alcoholic beverage license. Defendant was served with the motion by mail at the Restaurant and by mail at 2930 So. Arkle Ct., Visalia, CA 93292. On November 6, 2008, Defendant filed an opposition to the motion to appoint receiver.

On November 6, 2008, Defendant also filed the instant motion to set aside default and default judgment. Defendant contends that the service of summons in this matter did not result in actual notice. Plaintiff (Walter Steinman d/b/a Judgment Enforcement USA) filed his opposition on November 27, 2008. Defendant did not file a reply, but did file the Declaration of Jeff Hathcock in support the motion to set aside on December 10, 2008.

## DISCUSSION

Defendant moves to set aside the default and default judgment in this matter pursuant to Federal Rule of Civil Procedure 60(b)(6). Defendant contends that he was never served with the summons and complaint.

A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 60(b), a party may seek relief from a default judgment. While a district court has discretion to grant or deny a Rule 60(b) motion, the discretion is limited by three factors. Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974). First, Rule 60(b) is remedial in nature and must be liberally applied. Id. Second, default judgments are generally disfavored and cases should be decided on their merits whenever reasonably possible. Id. Finally, "where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." Id. "Put another way, where there has been *no* merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

Three factors derived from the "good cause" standard for vacating an entry of default under Rule 55(c) govern the vacating of a default judgment under Rule 60(b). TCI Group Life Ins. Plan, 244 F.3d at 696. These factors are: (1) whether Defendant engaged in culpable conduct that led to the default; (2) whether Defendant has a meritorious defense; or (3) whether reopening the default judgment would prejudice Plaintiff. Franchise Holding II, LLC. v. Huntington

1  Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004). The court may deny the motion if any one of these factors exists.  Id.

1.   *Culpable Conduct*

Defendant admits that at the time of the alleged incident he leased the historic building at issue from the City of Hanford and operated a business called the "Bastille."  However, Defendant contends that he sold the business and turned over the keys to a new owner on or about December 2, 2006.  He further contends that on the date of substituted service, December 13, 2006, he did not own the business, the person served was not his employee and the new owner never mentioned receiving any important papers or mail for him.

Plaintiff counters that proper substituted service is based on handing the summons and complaint to the person *apparently* in charge of Defendant's place of business.  Plaintiff asserts that it is irrelevant whether the person who was handed the documents was Defendant's employee and whether Defendant owned the Bastille at the time.  Plaintiff also refutes Defendant's factual allegations that he sold the business and turned the keys over to the new owner on December 2, 2006.  Plaintiff argues that Defendant signed a Bastille Lease extension with the City of Hanford effective January 1, 2007, and assigned the Bastille Lease to a third party effective March 6, 2007.

For example, Plaintiff points to Exhibit C to the Declaration of Walter Steinman, which is a document entitled "Assignment of Lease."  Declaration of Walter Steinman in Opposition to the Motion to Set Aside Judgment Exhibit C to Steinman Decl., Doc. 47-5.  The document, effective March 6, 2007, purports to assign the Lease and Lease Amendment from Art Haddock (Defendant) to an assignee. Lease Assignment, at p. 1.  Doc. 47-5.  It is signed by the City Manager and dated March 6, 2007.  Lease Assignment, at p. 2.

Although Plaintiff argues that the assignment was not effective until consented to by the City, Plaintiff does not cite the relevant provision of the Lease Assignment regarding rental payments.  The relevant paragraph provides that rental for the Lease would be effective December 1, 2006. Lease Assignment, at ¶ 2.  The rental amount is effective prior to the date of substituted service and supports Defendant's position.

4

Defendant's position also is bolstered by the Declaration of Jeff Hathcock filed in support of the instant motion. Mr. Hathcock declares he is one of the current owners of the Bastille. He further declares that he and his partner purchased the business from Defendant in 2006, and took possession on December 3, 2006. Declaration of Jeff Hathcock in Support of Motion to Set Aside Default and Default Judgment, at ¶¶ 1-2. The change in possession occurred prior to the date of substituted service.

Defendant states he learned of the action in August 2008. Although Defendant does not explain how he learned of the action, he reportedly contacted the City of Hanford immediately to undertake a defense on his behalf. Declaration of Arturo Haddock in Support of Motion to Set Aside Default ("Haddock Decl."), at ¶ 8. Haddock Decl., at ¶ 8. Thereafter, on October 24, 2008, he received a copy of the motion for appointment of receiver and contacted an attorney. Haddock Decl., at ¶ 9. Despite Plaintiff's assertion that the Court should not believe Defendant's statement that he did not know about this action prior to August 2008, there is no evidence before the Court to suggest that Plaintiff received notice before that date.

Assuming Plaintiff received notice in August 2008, Plaintiff faults Defendant for failing to act after his Wells Fargo bank account was levied on June 12, 2008. According to Plaintiff, Defendant was served with a notice of levy on this account on June 24, 2008. Exhibit to Steinman Decl., Doc. 47-6. A review of the document reveals that the notice was mailed, but it does not identify the address to which it was mailed. There is no indication Defendant received the notice.

Based on the above, there is no evidence before the Court that Defendant received actual or constructive notice of the action prior to August 2008 or that he intentionally delayed his appearance in this action. These circumstances constitute excusable neglect, as there is no evidence that Defendant's conduct was "willful, deliberate, or evidence[d] ... bad faith." TCI Group Life Ins. Plan, 244 F.3d at 696-697 (defendant's conduct is culpable if the defendant receives actual or constructive notice of the filing of the action and *intentionally* failed to file an answer).

2.      *Meritorious Defense*

A defendant seeking to set aside an entry of default must present specific facts that would constitute a defense. TCI Group Life Ins. Plan, 244 F.3d at 696. However, this burden is not "extraordinarily heavy," as a movant need only demonstrate law or facts showing that a sufficient defense is assertable. Id. at 700.

Defendant contends that the merits of the complaint are "questionable." He asserts that the Bastille has, and had, access for handicapped persons. He further asserts that the owner of the building, the City of Hanford, would be responsible for any needed modifications to the historical building and was not named as a party to the action.

Plaintiff contests Defendant's assertion that the Bastille is accessible, citing Paragraph 5 of the Declaration of Plaintiff's expert filed in support of the Application for Default Judgment. Defendant does not identify the expert, but a review of the record reveals the relevant declaration as that of Kim Blackseth, an access compliance expert. Declaration of Kim R. Blackseth in Support of Plaintiff's Application for a Default Judgment ("Blackseth Decl."), Doc. 10. Paragraph 5 of her declaration states:

> There are two adjacent toilets in the men's restroom at the Bastille. Each of the two toilets is in its own stall, with a front door. Neither of the toilet stalls is even 50" wide. Neither of the toilet stalls has sufficient side space to allow a person in a wheelchair to get next to the toilet. Thus, the toilets at the Bastille are barriers to people in wheelchairs, because they don't provide sufficient maneuvering or clear floor space.

Blackseth Decl., at ¶ 5. However, her declaration is not made based on personal observation of the men's restroom at issue. She obtained knowledge of the configuration of the men's restroom at the Bastille through information provided to her by her associate. Blackseth Decl., at ¶ 5.

Plaintiff also contends that Defendant, and not the City, would be responsible for any ADA obligations. The original lease provides that the tenant must "maintain the Premises in compliance with the Americans With Disabilities Act of 1990 and the regulations related thereto." Lease, at ¶ 5, Doc. 47-2. However, it also provides that the tenant may not make any structural alterations without the landlord's consent, but may make nonstructural alterations to the interior. Lease, at ¶ 8, Doc. 47-2.

6

The Court finds that Defendant has demonstrated a meritorious defense.

*3.     Prejudice to Plaintiff*

Finally, the Court must consider whether Plaintiff will suffer any prejudice if the entry of default is set aside. TCI Group Life Ins. Plan, 244 F.3d at 696. To be prejudicial, the setting aside of the default "must result in greater harm than simply delaying the resolution of the case. Rather, the standard is whether the plaintiff's ability to pursue his claim will be hindered." Id. at 701, citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1994).

In opposition, Plaintiff does not discuss the issue of prejudice although he does make passing reference to the hours and dollars spent obtaining the judgment. However, that Plaintiff may now have to engage in the litigation of this action after obtaining a judgment is not sufficient to demonstrate prejudice.

The Court finds that the above factors weigh in favor of setting aside the Clerk's entry of default. Generally, there is a presumption to try cases on their merits, and the instant case does not warrant a departure from this presumption. See In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991). Accordingly, Defendant's motion to set aside entry of default and default judgment should be GRANTED.

**FINDINGS AND RECOMMENDATION**

The Court finds that Defendant has demonstrated good cause. The Court recommends that Defendant's motion to set aside default and default judgment be GRANTED.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections

within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 15, 2008**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE